UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| WAYNE LEE BATES | ) | |
| | ) | |
| v. | ) | NO. 4:98-CV-45 |
| | ) | |
| RICKY BELL, Warden | ) | |

# MEMORANDUM

## I. Introduction

In 1987, petitioner Wayne Lee Bates pled guilty to and was convicted of first degree murder in the Criminal Court of Coffee County, Tennessee and, for this offense, he received a death sentence. At the conclusion of his direct and post-conviction review in the state courts, petitioner applied for a writ of habeas corpus under 28 U.S.C. § 2254. The Court denied his application but, on direct appeal, the Sixth Circuit held that he was entitled to relief on his claim of prosecutorial misconduct at the sentencing phase of his trial and remanded the case for entry of an order granting a conditional writ of habeas corpus.

Thereafter, the Court issued an order, which reads, in relevant part:

> [I]t is **ORDERED** that a writ of habeas corpus **SHALL ISSUE VACATING** the petitioner's judgment of the sentence of death due to prosecutorial misconduct at the penalty phase of the trial, unless, within one hundred and eighty (180) days from the date this order is filed, the State of Tennessee initiates resentencing proceedings. (Doc. 87, Order of April 20, 2005).

Now before the Court are petitioner's motion to enforce that judgment, the State's response, each party's supporting memoranda and documents, petitioner's reply to

the response, and the augmented record, as well as each parties' reply or response relating to the augmentation. (Docs. 90-94, 96, 98-100).

## II. **The Arguments**

In his motion, petitioner maintains that the State of Tennessee failed to initiate resentencing procedures in a timely manner, thereby depriving him of the relief granted by this Court. In support of his position, he argues: 1) that his death sentence has not been vacated, 2) that the State did not file a notice of its intent to seek the death penalty until July 14, 2006, 3) that, although this Court's order had not been stayed, the trial court allegedly stated to Mr. Massey, prior to his appointment as petitioner's attorney, that no resentencing proceedings would take place until the Supreme Court had disposed of any application for certiorari review sought by petitioner or the time to seek review had expired, 4) that no motions have been filed in his resentencing, 5) that his counsel has asked to withdraw from his case, and 6) that no new attorney has been appointed. He suggests that he is entitled to an unconditional writ of habeas corpus because the state failed to follow the order.

In his response to the enforcement motion, respondent insists that new penalty proceedings were begun well within the 180-day time frame. Attached to his response are copies of various state court orders regarding the resentencing proceedings, as well as other documents associated with those proceedings. Petitioner has replied to respondent's filings, faulting the Attorney General for the State of Tennessee and the district attorney general—not the state courts—for the delay in pursuing his resentencing. He also reiterates certain assertions contained in the motion to enforce, namely, that the state court: 1)

appointed the lead attorney to represent petitioner, though it knew that, due to the attorney's caseload, he would be unable so to do and 2) instructed counsel not to begin working on petitioner's case until the Supreme Court resolved his pending petition for certiorari, though it also knew about this Court's order.

### III. Discussion

The question posed in this enforcement action is whether resentencing began within 180 days of the above order.

A. *The Law*

The Court has jurisdiction to determine whether the State has abided by the terms of the conditional order, *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir 2006), and "to dispose of the matter as law and justice require." 28 U.S.C. § 2243. *See also United States ex. rel. Marrero v. Warden, Lewisburg Penitentiary,* 483 F.2d 656 (3rd Cir.1973). A state's failure to act or cure the constitutional defect identified in a conditional habeas court order by the deadline set in the order justifies issuance of the writ and the remedy specified [i.e., release, nullification of conviction or sentence, etc.]. *Gentry*, 456 F.3d at 692. Of course, the writ will not issue and a petitioner will not be released if the state complies with the order. *Id.* Because a district court is in the best position to construe its own orders, *Matter of Chicago, Rock Island and Pacific R.R. Co.*, 865 F.2d 807, 810-11 (7th Cir. 1988), its interpretation need only be reasonable. *Michigan v. Allen Park*, 954 F.2d 1201, 1213 (6th Cir. 1992). The Court's ultimate task in this enforcement action is to "make a finding concerning the sufficiency of the action that the state took pursuant to its mandate." *Phifer*

*v. Warden, United States Penitentiary, Terre Haute, Ind*., 53 F.3d 859, 865 (7th Cir. 1995).

B.  *Findings*

Based on the parties' submissions and the record in this case, the Court is able to make the findings which follow.

1. On May 19, 2005, the Senior Judge of the Coffee County Circuit Court was assigned to hear petitioner's resentencing "to its conclusion."  (Doc. 92, Attach. 1).

2. On June 8, 2005, the state court appointed William D. Massey to act as lead counsel in the resentencing and, thirteen days later, Robert Marlow to serve as co-counsel. (*Id*., Attach. 2, 3).  In both orders of appointment, the state court commented that the State of Tennessee had filed no formal documents to initiate resentencing.

3. While the state court matter was proceeding, petitioner continued to pursue habeas corpus relief with respect to the claims which had not succeeded on appeal in the Sixth Circuit by filing, on June 20, 2005, a petition for a writ of certiorari in the Supreme Court.

4. On June 28, 2005, the state court, pursuant to petitioner's motion, granted funds to pay for expert services to investigate mitigation evidence for the re-sentencing.[1] Once again, the state court noted that no formal documents had been filed, but also observed

---

[1]  Apparently, the funds were not used because, according to petitioner, his counsel told Inquisitor, Inc., the firm which would furnish the expert services, not to work on the case.. He maintains that counsel so directed Inquisitor in reliance on the state court's pre-appointment instructions, the fact that the state had taken no steps to initiate resentencing; and the state court's orders to that effect.  (Doc. 90 at ¶ 10).

that it appeared that the state intended to initiate re-sentencing proceedings and to seek the death penalty. (Doc. 92, Attach. 4).

5. On October 3, 2005, the Supreme Court denied petitioner's application for a writ of certiorari and, on November 28, 2005, his petition for a rehearing. *Bates v. Bell*, 546 U.S. 865 (Oct. 3, 2005); *Bates v. Bell*, _ U.S. _, 126 S.Ct. 722 (Nov. 28, 2005). (Docs. 88, 89).

6. On January 23, 2006, five days after holding a scheduling conference with the attorneys for petitioner and the state, the state court entered a scheduling order, establishing November 27, 2006, as the starting date for a 2-week sentencing hearing. (Doc. 92, Attach. 5). The order also set a status conference for March 21, 2006, and directed that three hundred prospective venirepersons be summoned to report to a local high school auditorium on October 2 - 3, 2006, for the purposes of filling out a juror questionnaire and undergoing a preliminary examination by the state court. (*Id.*)

7. On April 20, 2006, the state court sent a letter to the parties' attorneys, reminding them that the "clock continues to tick on the filing of the [death penalty] notice as ordered by the Sixth Circuit Court of Appeals and the trial is only seven months away." The letter also informed them that the meeting of counsel, which was slated to occur prior to the filing of the death penalty notice, had to be held no later than May 15, 2006. The state court also advised that, absent a meeting, it would presume that the District Attorney would file the required notice so that the case could proceed.

8. On July 14, 2006, the state prosecutor filed a notice that the state intended

to seek the death penalty and would rely on five aggravating factors. (Only three aggravators were relied upon in the original trial.)

C. *Analysis*

1. <u>Failure to Vacate the Sentence</u>: Petitioner first suggests that the state court's failure to vacate his death sentence shows that the state did not abide by the condition imposed in the order. Respondent argues, in opposition, that vacation of the sentence is tied to the issuance of the writ, which in turn, is dependent upon the initiation of resentencing proceedings by the state.

The Court agrees with the respondent. The Court's order did not require the state courts to vacate or set aside petitioner's death sentence. Therefore, the lack of a state court order vacating the petitioner's sentence of death does not signify noncompliance with this Court's order or violate any of the conditions contained therein. At any rate, petitioner's death sentence has been adjudged to be constitutionally invalid by the federal courts and cannot be enforced lawfully by the state courts. *See Wilkinson v. Dodson*, 544 U.S.74, 1250 (2005) (Scalia, J., concurring) (noting that, when a habeas petitioner shows that his death sentence is in violation of the Constitution, the judgment pursuant to which he is confined has been invalidated).

2. <u>Untimely Death Penalty Notice</u>: Next, petitioner argues that the state's noncompliance with the condition in the order is demonstrated by the fact that the death penalty notice was not filed in the resentencing proceedings until after the 180-day period had lapsed. Respondent counters that the original notice of intent had not been withdrawn

6

or nullified, that it still remained in effect, and that, therefore, the state was not required to submit a new notice. Also, respondent argues that, within two months of this Court's order, as evinced by the trial court's orders, counsel and, likewise, the court were aware that the state intended to seek the death penalty at the resentencing, that the purpose of a death penalty notice is to allow adequate time to prepare a defense, and that petitioner's attorneys knew the death penalty would be sought. Based on these things, respondent concludes that the purpose of filing a death penalty notice was fulfilled in this instance.

Just as the Court's order did not require that petitioner's sentence be vacated, it did not require, or even mention, the filing of a new notice of intent to seek the death penalty. Nor would the terms of the remand have permitted the Court to issue such a directive to the state courts.

At any rate, in Tennessee, a death penalty notice serves as a vehicle to give the defense adequate preparation time for a resentencing—not as the means to trigger the resentencing itself. Instructive are the state supreme court's remarks on this subject:

> "Notice such as [Tenn. R. Crim. P. 12.3] requires is not constitutionally mandated, though it is the better practice. The purpose of the rule is to ensure that the defense receives timely notice to enable adequate trial preparation. In the context of a capital resentencing hearing wherein the State intends to rely on aggravating circumstances different from those relied upon at the original trial, that purpose is fulfilled by requiring the State to file a new notice under Tenn. R. Crim. P. 12.3, which informs the defense of its intent to seek the death penalty, including the aggravating circumstances upon which the State intends to rely, thirty days prior to the resentencing hearing."

*State v. Harris*, 919 S.W.2d 323, 331 (Tenn. 1996) (internal citations omitted).

Under the circumstances petitioner has described, and in view of state law on

7

the subject, the date of the filing of the death penalty notice does not illustrate that the state failed to comply with the Court's conditional order. Petitioner's argument to the contrary is rejected.

   3. <u>The State Court Proceedings</u>:  Finally, as evidence to support his claim that the state has violated the condition precedent in this Court's order by not beginning resentencing proceedings within 180 days, petitioner points to the trial court's supposed statement to petitioner's counsel that no resentencing proceedings would take place until the habeas corpus case was final in the federal courts, to the lack of motions filed in the state case, to his counsel's request to withdraw from his case, and to the lack of an appointment of a new attorney to represent him.

   Petitioner insists that, while a Tennessee court cannot initiate a capital sentencing, the trial court, nonetheless, stated to petitioner's attorney that the resentencing would not proceed until the Supreme Court resolved petitioner's appeal.  In support of his argument that the state court is responsible for the delay, petitioner has submitted the affidavit of Attorney Robert Marlow, who was appointed in June of 2005 as petitioner's co-counsel at the resentencing.  Mr. Marlowe states in his affidavit, that, following his appointment as petitioner's co-counsel, the state court held a meeting with counsel and that "[d]uring that meeting, it was decided that Mr. Bates' case should not move forward until after the United States Supreme Court had acted on any petition for certiorari that Mr. Bates might file." [Doc. 96, Attach. 2, Affidavit of Robert Marlow].

  Respondent counters that nothing in the affidavit suggests that the decision to delay

further proceedings on the resentencing was anything other than a mutual decision of the parties and to support his viewpoint, respondent offers Mr. Marlow's supplemental affidavit. [Doc. 100, Attach. 2, Supp. Aff. of Robert Marlow]. In it, Mr. Marlow attests that "it was mutually agreed by all parties" that matters involving the resentencing should await the resolution of petitioner's appeal. [*Id*.]

First of all, petitioner may well have waived any objection to the delay since his counsel agreed to postpone the resentencing proceedings, pending the outcome of his appeal. *See Cave v. Singletary*, 84 F.3d 1350, 1354 and n.8 (11th Cir. 1996). Even if there is no waiver, any time spent on pursuing an appeal logically should be excluded from the 180-day time frame for resentencing. Consider this scenario. Petitioner is resentenced but, thereafter, the Supreme Court decides the appeal in his favor, resulting in a new trial for petitioner, as well as a new sentencing hearing. (This would be his third one.) It makes perfect sense to delay resentencing in the state court while petitioner's challenge to his underlying conviction was pending in the Supreme Court because if petitioner had been successful there, any new sentence imposed in the state court would likely have been a nullity. And though the Court agrees with petitioner that respondent should have sought to stay or amend the order to accommodate a delay of such uncertain parameters,[2] the Court is not prepared to equate the failure to do so with an act of non-compliance.

Nor is the Court required to delve into the supposed lack of motions or the

---

[2] Likewise, respondent also failed to notify the Court of the status of petitioner's resentencing proceedings and this was required in the order.

matters purportedly pending in the resentencing case to determine whether the condition precedent in the order has been satisfied. The Court is mindful of the Supreme Court's admonition that "28 U.S.C. § 2254...[does not] permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court." *Pitchess v. Davis,* 421 U.S. 482, 490 (1975) (per curiam). Though the state court's repeated reminders that no death penalty notice had been filed suggests that the state court viewed the prosecutors as being dilatory in this respect, it cannot be said, at this point, that their failure to file a notice seeking the death penalty deprived petitioner of the benefit conferred on him by the granting of the conditional writ.

      To summarize the steps taken to resentence petitioner while his request for review of his habeas case was pending before the Supreme Court, a trial judge was designated to preside over the resentencing "to its conclusion," counsel was appointed to represent petitioner in the case, and petitioner was granted funds for experts to investigate mitigating evidence. Within one hundred and eighty days after the Supreme Court denied the petition for certiorari review and the subsequent request for a rehearing, the state court set a date for the pretrial conference, scheduled a date for the trial to commence, and arranged for three hundred prospective venirpersons to meet and be questioned. Thus, the record shows that the process of resentencing petitioner was begun in a timely fashion. *See Cave v. Singletary*, 84 F.3d 1350, (May 22, 1996);(the release of a petitioner granted a conditional writ of habeas corpus hinges on whether "new proceedings are ... *commenced* by the state within the prescribed time period") (emphasis added).

## IV. **Conclusion**

Accordingly, the Court concludes that the condition in the order has not been unmet, that petitioner is not entitled to the relief requested in his enforcement motion, and that his motion should be and will be **DENIED**.

A separate order will enter.

**ENTER**:

                                              s/J. RONNIE GREER
                                           UNITED STATES DISTRICT JUDGE